IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00167-01 JMS |
| ) | |
| Plaintiff, ) | ORDER DENYING REQUEST FOR |
| ) | APPOINTMENT OF COUNSEL |
| vs. ) | |
| ) | |
| GETHSEMANE PITA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL

By letter dated June 5, 2008, defendant Gethsemane Pita sought advice from the court concerning the applicability of the recent crack cocaine guideline amendments to his sentence. Pita writes that, "[m]y purpose for contacting you is to determine whether or not the recent 'crack cocaine' amendment applies to my case and, if so, would I be eligible for a two-point reduction on my base offense level." Pita also states that he is unable to afford counsel, and thus requests the court to assist him in the matter. Given Pita's pro se status, the court construes the letter as a request for appointment of counsel.

On May 10, 2005, the United States filed a Special Information pursuant to 18 U.S.C. § 851 setting forth Pita's prior conviction in San Francisco,

California for Possession of a Controlled Substance.  Pita then entered pleas of guilty to counts 6 and 7 of the Indictment against him, charging him with possessing with intent to distribute 50 grams or more of cocaine base.  Given the offense of conviction and the § 851 Special Information, Pita was sentenced to a mandatory minimum term of incarceration of 240 months on January 30, 2006.

On November 1, 2007, United States Sentencing Commission Amendment 706 became effective, allowing a reduction to the base offense level for most cocaine base ("crack") offenses under the United States Sentencing Guidelines ("USSG").[1]  The Sentencing Commission then added Amendment 706 to the list of amendments that may be applied retroactively in United States Sentencing Guideline Section 1B1.10(c), effective March 3, 2008.  The amendment revises the base offense level applicable to crack cocaine offenses, and provides a mechanism to determine a Guideline range for offenses involving crack cocaine and other controlled substances.

A court may reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides in part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

---

[1] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, which also was effective November 1, 2007.

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

USSG § 1B.10 provides a mechanism for a reduction of such a sentence. The Sentencing Commission recently amended § 1B1.10 to include "exclusions" to the relief available under 18 U.S.C. § 3582(c). Specifically, a reduction in sentence is not authorized under § 3582(c) if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

Pita did not receive a USSG sentence; he received a statutory mandatory minimum sentence as established by Congress. And a reduction in his sentence is only authorized pursuant to § 3582(c)(2) where a specific "sentencing range" has been adjusted downward by the Sentencing Commission. *See United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996) (stating that § 3582(c)(2) applies only to a "sentencing range that has subsequently been lowered" and not a statutory mandatory minimum). As such, Amendment 706 offers him no relief. Accordingly, the court concludes that a reduction of Pita's sentence under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 is not warranted, whether or not Pita is

represented by counsel.  *See United States v. McGuire*, 524 F.3d 891 (8th Cir. 2008); *United States v. Spencer*, 2008 WL 2078409 (E.D.N.Y. May 15, 2008); *United States v. Bell*, 2008 WL 1968838 (W.D. Wash. May 5, 2008);  *United States v. Campbell*, 2008 WL 1957773 (E.D.N.Y. May 5, 2008); *United States v. Moore*, 2008 WL 1859988 (W.D. Pa. Apr. 25, 2008); *United States v. Duvall*, 2008 WL 1757761 (E.D. Wis. Apr. 15, 2008); *Unites States v. Ortiz*, 2008 WL 709488 (S.D.N.Y. Mar. 17, 2008).

Because Pita was sentenced to a statutory mandatory minimum term of incarceration, and therefore is ineligible for relief under Amendment 706, the request for appointment of counsel is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 13, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Pita*; Cr. No. 05-00167-01 JMS; Order Denying Request for Appointment of Counsel